# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| MICHAEL DENTON AND PAMELA DENTON | * | CIVIL ACTION NO.  12-0328 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| FOSTER FARMS DELAWARE, INC. AND GARY SURLES | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 27], filed by defendant Foster Poultry Farms ("Foster Farms").  The motion is unopposed.  For reasons explained below, it is recommended that the motion be granted, and that plaintiffs' claims for emotional distress and fear of contracting a disease be dismissed.

## Background

Plaintiffs Michael and Pamela Denton live in Farmerville, Louisiana, not far from a chicken processing facility owned by defendant Foster Farms.  They contend, *inter alia*, that Foster Farms is releasing hazardous substances/materials into a creek that flows by their land, thereby damaging their property.  In addition to the property damage, plaintiffs assert damages for "mental anguish emotional distress" and  "fear of cancer and other diseases . . ."  (Amend. Compl., ¶ 20).  In a recent ruling overruling a futility objection asserted by Foster Poultry (via former defendants) to plaintiffs' motion for leave to amend their complaint, the undersigned remarked that,

> [w]hile defendants *do* advance a creditable argument regarding the vitality of
> plaintiffs' claim for fear of contracting a disease, the court will pretermit

consideration of this issue at this time.  Following discovery, the parties should be able to resolve whether plaintiffs were physically exposed to a hazardous substance as generally required to support a claim for fear of contracting a disease.  (Aug. 1, 2012, Memo. Order).

Nonetheless, on August 15, 2012, Foster Farms filed the instant motion to dismiss plaintiffs' claims for emotional distress and for fear of disease because plaintiffs failed to allege supporting facts to support these damages claims.  *See* M/Dismiss [doc. # 27].  Plaintiffs do not oppose the motion and consent to the dismissal of these claims.  (Pl. Reply [doc. # 34]).  The matter is now before the court.

## Discussion

### I.      12(b)(6) Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed.R.Civ.P. 8(a)(2).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Although the court

must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. (citation omitted).   A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely.  *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record).

## II.     Plaintiffs' Complaint Does Not Contain Factual Allegations Sufficient to Support Claims for Emotional Distress or Fear of Contracting a Disease

Under Louisiana law, because of the speculative nature of emotional distress damages that are claimed as a result of exposure to carcinogens, and where there is no accompanying

3

physical injury, plaintiffs must show "a particular likelihood of genuine and serious mental distress arising from special circumstances." *See Bonnette v. Conoco, Inc.*, 837 So. 2d 1219, 1235 (La. 2003).  Furthermore, to sustain a claim for fear of contracting a disease in the future, plaintiffs must establish that they were actually exposed to the disease-causing substance. *See Nesom v. Tri Hawk Intern.*, 985 F.2d 208, 211 (5th Cir. 1993) (granting summary judgment on this basis).

In this case, other than a conclusory statement asserting their claim for damages, plaintiffs' amended complaint remains devoid of any facts alleging that they suffered "genuine and serious mental distress."  In addition, plaintiffs do not allege that they were exposed to the hazardous substances purportedly released by defendant.  Consequently, plaintiffs' complaint, as amended, fails to state a cognizable or plausible claim for emotional distress and fear of contracting a disease.  Fed.R.Civ.P. 8(a).  Moreover, plaintiffs so concede.  Dismissal is required. Fed.R.Civ.P. 12(b)(6).

## Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 27] filed by defendant Foster Poultry Farms be **GRANTED**, and that plaintiffs' claims for emotional distress and fear of contracting a disease be **DISMISSED, with prejudice**.  Fed.R.Civ.P. 12(b)(6).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections

4

within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 17th day of September 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE