UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL DENTON AND PAMELA DENTON** | **CIVIL ACTION NO. 12-0328** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **FOSTER POULTRY FARMS, INC.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This is a diversity action brought by Plaintiffs Michael Denton and Pamela Denton ("the Dentons"), residents of Louisiana against Defendant Foster Poultry Farms Delaware, Inc. ("Foster Farms"), a Delaware corporation.  The Dentons contend that the chicken processing facility owned by Foster Farms has and is releasing hazardous materials into a creek that flows by their land and thus damaging their property.

On December 22, 2011, the Dentons brought this action in the Third Judicial District Court,, Parish of Union, State of Louisiana.  On January 31, 2012, Foster Farms removed the case to this Court.

After preliminary rulings, on October 19, 2012, the Court issued a Scheduling Order, setting all deadlines in this matter.  However, on the Dentons' unopposed motion, the case was later continued and the October 19, 2012 Scheduling Order was vacated.  *See* [Doc. No. 48].  A new Scheduling Order issued on March 20, 2013 [Doc. No. 49], which provides all relevant deadlines in this matter.[1]

---

[1] On July 30, 2013, upon consideration of the parties' joint motion, the Court to extend the deadline for filing dispositive motions, but all other deadlines remained in effect. [Doc. No .57].

Now before the Court is a Motion to Exclude Plaintiffs' August 13, 2013 Expert Report ("Motion to Exclude") [Doc. No. 58] filed by Foster Farms. Foster Farms contends that the Dentons' expert report should be excluded as untimely. For the following reasons, the Motion to Exclude is DENIED.

## II.     LAW AND ANALYSIS

Under the Court's March 20, 2013 Scheduling Order, as amended, the following pertinent deadlines were set:

| | | |
|---|---|---|
| June 7, 2013<br>(145 days before PTC) | a. | All parties must identify their experts to opposing parties |
| June 18, 2013<br>(135 days before PTC) | b. | Plaintiff's expert reports delivered to defendant. |
| July 18, 2013<br>(105 days before PTC) | c. | Defendant's expert reports delivered to plaintiff. |

[Doc. No. 49].

The Scheduling Order further provides: "If there is any subsequent change in the expert's opinion or its basis, the offering attorney must notify all counsel within 7 days." *Id.* Finally, the Scheduling Order provides that experts must be made available for "depositions during the two weeks before [September 11, 2013]." *Id.*

On June 18, 2013, the Dentons provided Foster Farms with a report prepared by Thomas Wiberg and Danny Adams ("Wiberg and Adams") and entitled, "Limited Surface Water and Soil Assessment."

Foster Farms unilaterally noticed the depositions of Wiberg and Adams for July 16 and 17, 2013. However, because Dentons' counsel had a conflict, the depositions were rescheduled for July

24 and 25, 2013. Subpoenas duces tecum were issued for a number of items, and the Dentons' counsel notified counsel for Foster Farms that Wiberg and Adams had insufficient time to gather the requested documents and that Adams had a scheduled eye surgery during the date proposed for his deposition. Wiberg and Adams both aver that they did not anticipate preparing supplemental or rebuttal reports at the time.

The Dentons' counsel provided Wiberg and Adams with the July 18, 2013 expert reports from Foster Farms. After reviewing those reports, Wiberg and Adams, on August 8, 2013, prepared a supplemental report to respond to criticisms in Foster Farms' expert reports. On August 9, 2013, Wiberg and Adams provided the draft report to Dentons' counsel. On August 13, 2013, Wiberg and Adams received additional water tests taken to rebut the opinions of Foster Farms' experts that there were other possible sources of pollution. Wiberg and Adams took the additional test results, as well as their responses to the criticisms of Foster Farms' experts, and included them in the "Supplemental Report," which was provided to Foster Farms' counsel. Foster Farms, on the other hand, characterizes the Supplemental Report as containing new analysis that took place after the deadline for expert reports and after the close of discovery. Because of the newly disclosed information in the Supplemental Report, the depositions of Wiberg and Adams were cancelled.

Foster Farms argues that the Supplemental Report should be excluded pursuant to Federal Rules of Civil Procedure 26 and 37. Rule 26(a)(2)(B) provides that an expert's report "must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them." With regard to rebuttal evidence, Rule 26(a)(2)(D)(2) provides that a party's duty to disclose expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must be made "within 30 days after the other party's

disclosure." Finally, the parties also have a duty to "supplement or correct" their Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during this discovery process." Fed. R. Civ. P. 26(e)(1)(A).

For violations of the duties under Rule 26(a) or (e), Rule 37(c) provides the sanction. The Court may exclude the information or witness from trial, "unless the failure was substantially justified or is harmless." Rather than ordering exclusion, the Court, "on motion and after giving an opportunity to be heard . . . (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

In this case, Wiberg and Adams' Supplemental Report was provided within 26 days after Foster Farms' disclosure of its expert report and within the Scheduling Order's 7-day deadline for a change in an expert's opinion or bases for his opinion. Wiberg and Adams further aver that the opinions set forth in their Supplemental Report are "intended solely to contradict or rebut evidence on the same subject matter identified" in the expert reports provided by Foster Farms.

Having reviewed the record in this matter, the applicable Scheduling Order, and the applicable Federal Rules of Civil Procedure, the Court finds that the Dentons timely provided their expert report to Foster Farms and timely provided the Supplemental Report. The Supplemental Report was provided four months before the bench trial in this matter. Nevertheless, if, in light of the Supplemental Report, Foster Farms contends that its an extension of any other deadlines under the Scheduling Order or the generally applicable Federal Rules of Civil Procedure, it should file the appropriate motion. Likewise, if Foster Farms contends that the original or supplemental expert

reports should be excluded for reasons other than timeliness, it may file the appropriate motion within the deadlines imposed by the Scheduling Order.

### III. CONCLUSION

For the foregoing reasons, Foster Farms' Motion to Exclude [Doc. No. 58] is DENIED.

MONROE, LOUISIANA, this 11th day of September, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE