UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MICHAEL DENTON AND PAMELA DENTON | CIVIL ACTION NO. 12-0328 |
| VERSUS | JUDGE ROBERT G. JAMES |
| FOSTER POULTRY FARMS, INC. | MAG. JUDGE JAMES D. KIRK |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 67] filed by Defendant Foster Poultry Farms Delaware, Inc. ("Foster Farms"). For the following reasons, Foster Farms' Motion for Summary Judgment is GRANTED IN PART.

I.     FACTS AND PROCEDURAL HISTORY

Foster Farms owns and operates a poultry processing facility in Union Parish. The facility's processes of rendering, cooking, and slaughtering produce wastewater. After being subjected to multiple treatments, wastewater from the facility flows through an outfall which has been approved by the Louisiana Department of Environmental Quality ("LDEQ"). After passing through the outfall, the wastewater flows into Honeycutt Creek. Honeycutt Creek flows into Four Mile Creek downstream of Foster Farms. Four Mile Creek flows southeast from the Foster Farms facility and passes behind property owned by the Dentons, eventually flowing into Lake D'Arbonne.

The Dentons brought this lawsuit alleging that Foster Farms is liable for negligently causing harm to their property by releasing contaminated waste water. In addition to their

negligence claim, the Dentons allege that Foster Farms' actions constitute a nuisance and a trespass under Louisiana law.

In support of their claims, the Dentons rely on their experts' analysis, including their findings that remediation of 12 acres is necessary to correct the harm caused to their property.

On September 11, 2013, Foster Farms filed the instant Motion for Summary Judgment. The Dentons filed a memorandum in opposition to the motion on October 3, 2013 [Doc. No. 78], and Foster Farms filed a reply on October 17, 2013 [Doc. No. 80].

After briefing was complete, the Court deferred ruling on the motion while the parties participated in a mediation before the Magistrate Judge. *See* [Doc. No. 89]. The parties were unable to reach settlement at that time. [Doc. No. 93].

After some review, the Court finds it appropriate to address the damages portion of Foster Farms' Motion for Summary Judgment separately to allow the parties to engage in meaningful settlement discussions. Thus, the Court now turns to an analysis of that portion of the Motion for Summary Judgment.

II.     **LAW AND ANALYSIS**

    A.     **Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A

fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

The Fifth Circuit Court of Appeals has instructed that, when no jury demand is made, a

> court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved . . . . A trial on the merits would reveal no additional data. Hearing and viewing the witnesses subject to cross-examination would not aid the determination if there are neither issues of credibility nor controversies with respect to the substance of the proposed testimony. The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial.

*Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978) (citations omitted). Thus, where "the evidentiary facts are not disputed, a court in a nonjury case may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions." *Id.; see also Matter of Placid Oil Co.*, 932 F.2d 394, 397-98 (5th Cir. 1991) (same).

B.     DAMAGES

The Dentons rely on their expert reports to support their claim that approximately 12 acres of their property are contaminated because of Foster Farms' actions, and, thus, Foster Farms is liable for the costs of remediation. Their experts opine that remediation would cost $30 to $55 per cubic yard for a total damages award of approximately $2.1 million.  Foster Farms moves for summary judgment, contending, in part, that the Dentons cannot recover the cost of remediation because the fair market value of the 12 acres is approximately $45,000.00, and the Dentons have not established emotional ties to the land.

"While the primary objective is to restore the property as nearly as possible to its original state, at times restoration is not possible and is sometimes not cost effective." *Hornsby v. Bayou Jack Logging*, 902 So.2d 361, 367 (La. 2005).  "If, however, the cost of restoring the property is disproportionate to the value of the property or economically wasteful, unless there is a reason personal to the owner for restoring the original condition or there is reason to believe that the plaintiff will, in fact, make the repairs, damages are measured by the difference between the value of the property before and after the harm." *Roman Catholic Church of Archdiocese of N.O. v. La. Gas Serv. Co.*, 618 So.2d 874, 876 (La. 1993).  "[U]nder the precepts of *Roman Catholic Church*, restoration damages may only be recovered when there are 'reasons personal to the owner' or there is reason to believe the landowner will, in fact, use the damages to restore the property." *State v. La. Land & Exploration Co.*, 110 So.3d 1038, 1048 (La. 2013).  In *Hornsby*, the Louisiana Supreme Court found that it was manifest error to award restoration damages exceeding the value of the land because the land was "primarily . . . used for cattle grazing," "there [were] no utility lines, water lines, or other structures on the land," and the landowner

4

lacked "sufficient emotional ties" to the land. 902 So.2d at 368-69.

In this case, the Dentons have offered insufficient evidence to meet the *Roman Catholic Church* standard. Mr. Denton testified that he used to raise crops on that area of their property, but he no longer does so because of his health. [Doc. No. 71, Exh. 60 at 51:1-22]. Mrs. Denton testified that she only goes into this area of the property about once a month and that there is no construction there. [Doc. No. 71, Exh. 62 at 66:11-25]. Additionally, there are no structures on this part of the Dentons' property. In fact, the only evidence the Dentons offer to support their claim for remediation is the testimony of their daughter that she "would just like to see them get their land cleaned up." [Doc. No. 72, Exh. 86 at 45:6-16]. While the Dentons suggest that they can meet the *Roman Catholic Church* standard at trial, they are required to oppose a properly argued and supported summary judgment with the present evidence showing that there is a genuine issue of material fact for trial. The testimony of the Dentons' daughter does not suffice, and, even if the remaining issues in the summary judgment are resolved in their favor, they cannot recover the costs of remediation. Their damages are limited to the difference between the value of the property before the alleged harm and the value of the property after the alleged harm. Accordingly, to this extent, Foster Farms' Motion for Summary Judgment is GRANTED.

### III. CONCLUSION

For the foregoing reasons, Foster Farms's Motion for Summary Judgment [Doc. No. 67] is GRANTED IN PART. However, the Court will DEFER ruling on the remaining issues addressed in the Motion for Summary Judgment for a period of thirty (30) days to allow the

parties time for further settlement discussions.

       MONROE, LOUISIANA, this 6th day of January, 2014.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE